UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MELISSA YEARWOOD, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:16-cv-01483 |
| ) | Judge Sharp |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN ) | |
| Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Pending before the Court is Plaintiff's *Motion for Judgment on the Administrative Record* (Docket Entry No. 14). The motion has been fully briefed by the parties.

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for Supplemental Security Income ("SSI"), as provided by the Social Security Act ("the Act"). Upon review of the administrative record as a whole and consideration of the parties' filings, the Court finds that the Commissioner's determination that Plaintiff is not disabled under the Act is supported by substantial evidence in the record as required by 42 U.S.C. § 405(g). Plaintiff's motion will be denied.

## I. INTRODUCTION

Plaintiff applied for SSI and was denied. She then requested a hearing before an administrative law judge (ALJ) (Tr. 112). On January 29, 2015, following a hearing, an ALJ found that Plaintiff was not under a "disability" as defined in the Act (Tr. 6-24). On May 14, 2016, SSA's Appeals Council denied Plaintiff's request for review (Tr. 1-5). Thus, Plaintiff has

1

exhausted her administrative remedies, and the ALJ's decision stands as the final decision of the Commissioner subject to judicial review. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on January 29, 2015. (AR p. 6). Based upon the record, the ALJ made the following enumerated findings:

1. The claimant has not engaged in substantial gainful activity, since September 24, 2012, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: obesity, diabetes, obstructive sleep apnea, rheumatoid arthritis, fibromyalgia, and borderline intellectual functioning (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except that she is limited to jobs which allow a worker to briefly alternate sitting and standing every 30 minutes; cannot climb ladders; cannot more than occasionally crouch; cannot more than frequently climb stairs, balance, stoop, kneel, or crawl; cannot more than frequently handle or finger with either hand; must avoid all exposure to hazardous work environments and extreme cold; and is limited to simple repetitive work.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on July 21, 1970 and was 42 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant wok (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since September 24, 2012, the date the application was filed. (20 CFR 416.920(g)).

(AR pp. 11-20).

### III. REVIEW OF THE RECORD

The following summary of the evidence of record is taken from Plaintiff's brief, Docket Entry No. 14-1 at pp. 1, 3 (emphasis in original):

Plaintiff, Melissa Yearwood, is currently 46 years old and has a 9th grade education.

\*\*\*

The claimant testified at the hearing that she had a **"lot of trouble with my right hand. I cannot grip anything with my right hand, I can't peel vegetables, potatoes; I can't pick up anything with my right hand. And I have, I have trouble like putting my underclothes on,…I have pain in my legs where I have the fibromyalgia and I just hurt, I just hurt a lot."** (Tr. 30). She also testified that she has to keep her **legs propped up on pillows because of swelling due to the fibro and arthritis.** (Tr. 31).

Claimant's Pain Questionnaire indicates **"I can barely use my hands due to rheumatoid arthritis and can't get up out of the tub. My mom has to help me put my bra on."** She also noted **"laying down"** helped relieve her pain. (Tr. 160).

### IV. DISCUSSION AND CONCLUSIONS OF LAW

**A. Standard of Review**

The determination of disability under the Act is an administrative decision. The only questions before this Court are: (i) whether the decision of the Commissioner is supported by substantial evidence; and (ii) whether the Commissioner made any legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in

context of Social Security cases); *Kyle v. Comm'r Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010); *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986).

Substantial evidence has been defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)).

The Court must examine the entire record to determine if the Commissioner's findings are supported by substantial evidence. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir.1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and final determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g., Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

**B. Determining Disability at the Administrative Level**

The claimant has the ultimate burden of establishing her entitlement to benefits by proving her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d) (1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(D); 20 CFR §§ 404.1512(a), (c), 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if she applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 CFR §§ 404.1520(b), 416.920(b). Second, the claimant must show that she suffers from a severe impairment that meets the twelve month durational requirement. 20 CFR §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are of sufficient severity as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 CFR §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed

impairment in order to be found disabled, but such a showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render her presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to her past relevant work. *Combs, supra*. "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 CFR § 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir.1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs, supra*.

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). In order to rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can

perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the five-step sequential evaluation process, the claim is not reviewed further. 20 CFR § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

### C. Plaintiff's Assertion of Error

The specific issues posed by Plaintiff in this case are whether the ALJ properly evaluated Plaintiff's subjective complaints, whether the ALJ properly evaluated the medical opinion evidence, and whether the ALJ properly determined that Plaintiff could perform "other" work that existed in significant numbers in the national economy. Plaintiff contends that the Commissioner's decision should be reversed and/or remanded for review. (Docket Entry No. 14-1 at p. 6).

Sentence four of 42 U.S.C. § 405(g) states as follows:

The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the

7

Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Additionally, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). Plaintiff's assertion of error is addressed below.

*1. The ALJ's Evaluation of Subjective Complaints*

Plaintiff argues that the ALJ erred in evaluating her subjective complaints. (Docket Entry No. 14-1 at pp. 3-5). Plaintiff's argument is as follows:

> Despite the objective test results regarding rheumatoid arthritis and multiple medical records containing claimant's inability to use the right dominant upper extremity, the ALJ found the claimant could "frequently handle or finger with either hand." (Tr. 14). He found she was limited to sedentary work and that she had a valid Full Scale IQ score of 72. (Tr. 14).
>
> The Honorable ALJ states the claimant's testimony is inconsistent with her very limited medical treatment records and with the absence of similar complaints to her medical providers. (Tr. 15). This is not accurate as the claimant has on virtually every occasion reported problems using her hands and in pain and swelling was noted per the medical records identified above. In fact, she reported she was unable to peel a potato to her medical providers due to the limitation of function in her hands.
>
> ***
>
> [The ALJ] found that the claimant's severe impairments of rheumatoid arthritis and fibromyalgia was [sic] severe impairments, but then stated the record generally indicated the claimant's impairments was [sic] not debilitating or incapacitating and controlled with medications. (Tr. 16). This is not accurate as the medical records indicated continued pain and swelling of the hands, and multiple other body parts despite treatment and medication as described above.

8

> Another error is the ALJ states the medical evidence supports good control of the claimant's sugar levels (Tr. 17). . .The blood work evidence indicates that claimant's A1C was 6.5 on the last blood test dated 4/4/14 (Tr. 397), contained in the record, and therefore claimant's diabetes in [sic] not in good control.
>
> Regarding claimant's sleep apnea, the claimant is indigent and her claim is for supplemental security income (Title XVI benefits alone), and she cannot afford a CPAP machine. This is a good reason not to have a CPAP machine and thus the ALJ improperly implies 20 CFR 416.930.

(*Id.*).

Although an ALJ may consider subjective complaints as evidence in support of a disability, "an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Schmiedebusch v. Comm'r of Soc. Sec.*, 536 F. App'x 637 (6th Cir. 2013) (quoting *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475–76 (6th Cir. 2003)). An ALJ may consider the medical evidence in evaluating Plaintiff's subjective complaints, although the ALJ may not reject subjective complaints "solely" on this basis. *Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1529, and noting that ALJ also considered medical opinion evidence).

Ultimately, the ALJ found Plaintiff's allegations inconsistent with the record as a whole, including the medical opinions, her medical treatment, and the medical evidence. Specifically, the ALJ determined that "the medical treatment records [] suggest milder symptoms and greater sustained capacity than described in testimony." (AR 19). Moreover, he concluded that Plaintiff's "subjective complaints and alleged limitations are not fully persuasive." (*Id.*). The Court has conducted a thorough review of the record and finds no error in the ALJ's evaluation of Plaintiff's subjective complaints. Consequently, the ALJ's decision is conclusive and must be affirmed. *Warner v. Comm. Of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

*2. The ALJ's Evaluation of Medical Evidence*

Plaintiff argues that the ALJ erred in evaluating the medical opinions of record. (Docket Entry No. 14-1 at 4). Plaintiff's primary assertion is that the ALJ did not accept any of the individual opinions at issue – and "supplants himself as a medical expert." (*Id.*).

The residual functional capacity is the most an individual can do despite the combined effect of all of their limitations that are found consistent with the record as a whole. *See* 20 C.F.R. § 416.945. The residual functional capacity is based on all of the relevant evidence in the case record, and is assessed at step four of the sequential evaluation. *See id*. Because the residual functional capacity is based on all of the evidence, the ALJ is not limited to choosing between competing opinions in the record, but may instead develop his or her own functional capacity. *See*, *Justice v. Comm'r of Soc. Sec.*, 515 F. App'x 583, 587 (6th Cir. 2013).Ultimately, the ALJ determined that Plaintiff retained the residual functional capacity to perform:

> sedentary work as defined in 20 CFR 416.967(a) except that she is limited to jobs which allow a worker to briefly alternate sitting and standing every 30 minutes; cannot climb ladders; cannot more than occasionally crouch; cannot more than frequently climb stairs, balance, stoop, kneel or crawl; cannot more than frequently handle or finger with either hand; must avoid all exposure to hazardous work environments and extreme cold; and is limited to simple repetitive work.

Under SSR 96-7p, the ALJ is permitted to "consider his or her own recorded observations of the individual as part of the overall evaluation of the credibility of the individual's statements." *See* SSR 96-7p; *Blankenship v. Comm'r of Soc. Sec.*, No. 14-2464, 2015 WL 5040223, at *10 (6th Cir. Aug. 26, 2015) (treating doctor's assertion that claimant was unable to walk from the parking lot to work was "seemingly contradicted by the fact that Blankenship was able to walk unassisted from her car to the room where the hearing was being held.").

The Court finds that the ALJ properly analyzed the medical opinions as well as the credibility of Plaintiff in this case – and finds no error in the ALJ's consideration of his own

observations as part of the overall evaluation of the record. Accordingly, the Court finds that substantial evidence supports the ALJ's determination as to Plaintiff's residual functional capacity.[1]

## V. CONCLUSION

In sum, the Court concludes that the findings of the ALJ are supported by substantial evidence on the record as a whole, and are free from legal error. With such support, the ALJ's decision must stand, even if the record also contains substantial evidence that would support the opposite conclusion. *E.g., Longworth c. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

For all of the reasons stated, the Court will deny Plaintiff's *Motion for Judgment on the Administrative Record* (Docket Entry No. 14).

An appropriate Order shall be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

---

[1] Lastly, Plaintiff alleges that the ALJ erred in finding her able to perform "other" work because unskilled jobs required good use of the hands. In this case, the ALJ asked the vocational expert witness to assume an individual of Plaintiff's age, residual functional capacity, education and work experience (Tr. 37). In response to the ALJ's hypothetical question, the vocational expert testified that there were jobs that such an individual could perform, including work as a document preparer, surveillance monitor, and table worker (Tr. 37). The ALJ's hypothetical question was proper, as an ALJ is only required to incorporate into a hypothetical question those limitations he finds credible. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). The Court finds no error in the ALJ's evaluation.